IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TYLER DIVISION

| | | |
|---|---|---|
| ALONZO TRAYLOR | § | |
| v. | § | CIVIL ACTION NO. 6:09cv212 |
| DIRECTOR, TDCJ-CID | § | |

<u>MEMORANDUM ADOPTING REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE
AND ENTERING FINAL JUDGMENT</u>

The Petitioner Alonzo Traylor, proceeding *pro se*, filed this application for the writ of habeas corpus complaining of prison disciplinary matters. This Court ordered that the case be referred to the United States Magistrate Judge pursuant to 28 U.S.C. §636(b)(1) and (3) and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to United States Magistrate Judges.

Traylor lists ten disciplinary cases in his petition which he says that he is challenging. The dates on these cases range from March 26, 2003, to May 26, 2004. He says that he was supposed to be in a medical squad because of the medications which he was taking, but he was assigned to a non-medical squad. Traylor filed a grievance on February 9, 2009, indicating that the disciplinary cases which he had received were for refusing to work; the grievance was returned unprocessed because the grievable time period had expired.

The Respondent was ordered to answer the petition and filed a motion to dismiss the petition. This motion argued that the statute of limitations had expired on Traylor's claims and that there was no indication that Traylor had sought to appeal any of the disciplinary cases prior to his February 2009 grievance, which was returned unprocessed as having been filed too late.

In his response to the motion to dismiss, Traylor said that he received a medication pass in October of 2004, that he had to resolve the problem with the medical department before he could file a grievance, and he could not resolve the problem with the medical department until he had received

1

the pass. He also said that the statute of limitations began to run on February 9, 2004, when he filed his grievance, and that his medication pass of October 2004 was properly presented to the prison officials in February of 2009 because there is no time limit for that. Traylor said that he could not challenge the cases until he received the medication pass and that there is no time limit for an "administrative conference to restore good time."

After review of the pleadings, the Magistrate Judge issued a Report on August 27, 2009, recommending that the motion to dismiss be granted and that the petition be dismissed as filed outside of the statute of limitations. Traylor filed objections to the Report on September 3, 2009.

In his objections, Traylor says that what he is challenging is the decision by the prison reclassification committee on January 21, 2009, when Major Catoe refused to restore the good time which he had lost in the disciplinary cases back in 2003 and 2004. He does not discuss this reclassification decision in his habeas corpus petition or in his response to the answer, nor does he provide any legal basis for challenging this decision. His objections are without merit.

The Court has conducted a careful *de novo* review of the pleadings in this cause, including the original petition, the answer filed by the Respondent, the Petitioner's response to the answer, the Report of the Magistrate Judge, the Petitioner's objections thereto, and all other pleadings, documents, and records in the case. Upon such *de novo* review, the Court has concluded that the Report of the Magistrate Judge is correct and that the objections of the Petitioner are without merit. It is accordingly

ORDERED that the Petitioner's objections are overruled and that the Report of the Magistrate Judge is ADOPTED as the opinion of the District Court. It is further

ORDERED that the above-styled application for the writ of habeas corpus be and hereby is DISMISSED with prejudice; however, this dismissal is without prejudice to the filing of a habeas corpus petition or civil rights action specifically challenging the decision of the reclassification committee not to restore good time which Traylor had previously lost. It is further

ORDERED that the Petitioner Alonzo Traylor is hereby DENIED a certificate of appealability *sua sponte*, with the denial of this certificate pertaining only to the present case and not to any litigation which Traylor may later pursue. Finally, it is

ORDERED that any and all motions which may be pending in this civil action are hereby DENIED.

**So ORDERED and SIGNED this 21st day of September, 2009.**

_____
**LEONARD DAVIS
UNITED STATES DISTRICT JUDGE**